## W. W. McKINLEY v. FRIO COUNTY.

### Decided May 31, 1905.

**1.—Certiorari—Appeal from Commissioners' Court—Condemnation of Land.**

Where an original suit against a county for damages in opening a road across plaintiff's land was filed in the District Court, and after a general demurrer was sustained to the petition plaintiff filed a motion setting up that he had appealed from the action of the Commissioners' Court in fixing the damages, and asking for a certiorari to require the county clerk to send up a transcript, the writ was properly refused.

**2.—Same.**

The writ of certiorari is granted to perfect imperfect records, but it can not perform the office of a writ of mandamus.

Appeal from the District Court of Frio. Tried below before Hon. E. A. Stevens.

*W. A. H. Miller* and *Magus Smith,* for appellant.

*Maney & Spann,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an appeal from a dismissal of a suit for damages arising from a road being opened across the land of appellant. In the record there appears an original petition that was filed in the District Court, and from which it would seem that the suit was an original one in the District Court for $1,000, alleged to have accrued by reason of a public road being opened by the Commissioners' Court across appellant's land. That petition was filed on May 17, 1904. On November 29, 1904, appellee filed a general demurrer and general denial, and on the same day the general demurrer was sustained by the court and the cause dismissed.

Up to the time of the dismissal of the cause nothing had been filed in the District Court that indicated that the cause was appealed from the Commissioners' Court but the pleadings indicated an original suit for one thousand dollars. On December 2, 1904, after the demurrer to the petition had been sustained, appellant applied to the District

Court for a writ of certiorari, in which application it was alleged that the Commissioners' Court had appointed a jury to assess the damages for a road opened across appellant's land; that the damages had been assessed by the jury at $500, but that the amount had been reduced by the Commissioners' Court to $200; that appellant had appealed to the District Court, and that no transcript had been sent up by the county clerk. Appellant prayed for a writ of certiorari commanding the county clerk to transmit to the District Court a transcript of all proceedings in connection with the road, as well as all the original papers.

Appellee moved the court to dismiss the application for certiorari because the cause had been dismissed and no transcript from the lower court had been filed in the District Court. The motion was sustained. This appeal is perfected from the last order of dismissal.

In article 4693, Sayles' Statutes, it is provided that the owner of land, in case he is not satisfied with the assessment of damages made by the Commissioners' Court, may appeal as in cases of appeal from Justice's Court. In appeals from the last named court the party appealing shall within ten days from the date of the judgment file a bond in double the amount of the judgment. The filing of the appeal bond perfects the appeal. Upon the filing of the appeal bond it is made the duty of the justice of the peace to make out a true and correct copy of all the entries on his docket and certify to it and transmit the same, with a certified copy of the bill of costs, and the original papers, to the county clerk. If practicable the transcript should be transmitted to the county clerk on or before the first day of the next term of the court. In this connection it may be said that a writ of mandamus will be awarded to compel the justice of the peace to send up the papers required by statute. (Railway v. Dyer, 2 App. Civ. Cas., sec. 312.)

No appeal bond seems to have been on file in the District Court approved by the county clerk, and no effort was made to have it put on file, although counsel for appellant swore that he had deposited an appeal bond with the county clerk on May 14, 1904. What that bond contained does not appear in the record.

The application for the writ of certiorari to compel the county clerk to make out a transcript was properly denied. Writs of certiorari are granted to perfect imperfect records, but they can not perform the office of writs of mandamus. They can make certain that which was uncertain, but they can not create. It may also serve the purposes of appeal, as provided in Title 15, Sayles' Statutes, but it can not be invoked to accomplish what appellant sought to accomplish by it.

The record in this case shows that appellant had filed an original suit for damages in the District Court, and to all intents and purposes had abandoned the appeal from the Commissioners' Court, no reference to such appeal being made in the petition. A general demurrer was sustained to that petition, and then for the first time, over six months after the Commissioners' Court had acted, it was made known to the court through the medium of an application for a writ of certiorari to compel the county clerk to make out a transcript, that an appeal had been attempted to the District Court.

There is no error in the judgment of the District Court, and it is affirmed.                                                            *Affirmed.*